VISION AIR FLIGHT SERVICE, INC., a Philippine corporation, Plaintiff–Appellant,

v.

M/V NATIONAL PRIDE, in rem; Madrigalwan Hai Lines, Defendants–Appellees,

and

National Development Company; National Shipping Corporation of the Philippines; Pix Line; Phoenix International Freight Services, Ltd; Commercial Union Insurance Company, Defendants.

Madrigal–Wan Hai Lines Corporation, Claimant.

No. 00–16086.
D.C. No. CV–96–03844–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2001 *.

Decided June 13, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,** District Judge.

### MEMORANDUM ***

This matter is before the court for a second time, this time after a bench trial. After the first appeal, the question of whether the $500 cap prescribed by the Carriage of Goods at Sea Act, 46 U.S.C. §§ 1300–1315 (COGSA), would apply to the first refueler, if liability were found to attach, was resolved: It would apply.[1] Thus, the only questions remaining for trial involved whether liability indeed attached and whether the COGSA damage cap also applied to the second refueler. The district court answered both questions in the affirmative. Plaintiffs-appellants appeal the second issue, the application of the damage cap to the second refueler.

We review the district court's decision for clear error[2] and affirm. The evidence introduced was insufficient to show that defendants-appellees had a "culpable state of mind" with regard to unloading the second refueler.[3] The testimony presented simply did not establish that the second vehicle was damaged intentionally. Accordingly, the district court properly concluded that COGSA's damage cap applied.

We need not reach appellants' other contention, regarding the appellees' liability for the actions of the stevedores, as it involves an alternative holding.

AFFIRMED.

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** *Vision Air Flight Serv., Inc. v. M/V Nat'l Pride,* 155 F.3d 1165 (9th Cir.1998) (*Vision I* ).

**2.** *Lawyer v. Dept. of Justice,* 521 U.S. 567, 580, 117 S.Ct. 2186, 138 L.Ed.2d 669 (1997).

